Scott, O. J.
The question in this case is, whether the corn which Seeds sold, and the proceeds of which he appropriated to his own use, was his own property at the time of such sale, or whether it rightfully belonged to the plaintiffs below. If it was his own, there was no wrongful conversion in the case; but if it belonged to Simpson & Knox, the court below properly found the issue joined dy the pleadings in their favor.
*297 Seeds, the plaintiff in error, claims that the corn was placed by 'him in his own cribs, on his own premises, and so never became the property of the plaintiffs below by an actual delivery; whilst they ¡claim that the placing of the corn, pursuant to the terms of the agreement of sale, in the cribs to the use of which they were entitled for a year, and the notice given them thereof, rendered the •delivery of the corn to them complete and absolute.
By the contract of the parties the corn was to be paid for on delivery. The performance of'this stipulation Seeds had *a right to insist upon, and we think the delivery shown in this ease, .and the notice given of it, accompanied as it was with a request for payment, was not a waiver'of such right. We do not doubt that by this delivery the plaintiffs below acquired a possession of and a qualified property in the corn; which it was in their power to ren■der absolute and unconditional by prompt payment, or tender of the purchase money remaining unpaid. But the delivery was, at the ■same time, on the implied condition of such payment, and if this were refused by the plaintiffs below, Seeds might rightfully resume ■his possession and treat the contract as rescinded.
The principal question in the case is, whether, under the circumstances shown by the evidence, the plaintiff in error was authorized, by the default of the other party, to regard the contract as rescinded, and resume possession of the corn when he assumed to do •so. It might well be questioned whether the defendants in error were guilty of any such palpable violation of the stipulations of their contract, of any such refusal or unreasonable delay of payment, as would constitute a ground of rescission.
But if it be conceded that they were clearly in default, that it was their duty, on receiving notice of the delivery of the corn, to have promptly remitted the whole of the purchase money remaining unpaid, and that Seeds'was under no obligation to wait for any part of it till they could be informed of his unwillingness to give time, and that he might therefore elect to treat the contract as rescinded ; yet he made no such election when he refused to accept the $500 check; at least, he gave no notice of a rescission, or of a purpose to rescind, either by word or act. He simply refused to accept partial payment, and “expressed himself as dissatisfied.” He made no offer to return the money paid on the contract, and neither said nor did anything to relieve the plaintiffs below from the *298 obligations of further performance, or from the risk of loss incident to the ownership of the property purchased.
He thus kept it in his own power to regard the contract as still open and subsisting. He thus subjected the other party to the inconvenience and trouble of procuring the necessary funds, and of coming promptly from Circleville to the residence *of Seeds, in this county, to make payment. This trouble he must have expected they would take, unless they were informed of his purpose to regard the contract as no longer subsisting; for he had been expressly informed that they would make immediate payment if he was dissatisfied with their proposition.
It is a sound principle that he who does not speak, when good faith requires that he should, will not afterward be permitted to speak to the prejudice of another who has relied and acted upon his. silence. And we think the plaintiff in error, by permitting the defendants to incur trouble and expense in proceeding with the performance of the agreement upon their part, after the alleged ground of rescission had occurred, and was well known to him, must be regarded as electing not to rescind for that cause, but to give the defendants in error reasonable time for further and full performance.
They are certainly chargeable with no subsequent default; and by their prompt tender of full payment for the property bought, they fully terminated whatever contingent right the plaintiff in error may have had to resume the possession of it.
The judgment of the court below will be affirmed.
Hay, Welch, and Brinkerhoee, JJ., concurred.
White J., dissented.